# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW MASON SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 25-000290-JB-N |
| | ) | |
| MOBILE COUNTY METRO JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Matthew Mason Sanders filed a complaint and amended complaint, without the assistance of an attorney (*pro se*), seeking relief under 42 U.S.C. § 1983. (Docs. 1, 4). However, since initiating this suit, he has failed to prosecute this action. Accordingly, the undersigned **RECOMMENDS** Plaintiff's complaint (Docs. 1, 4) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

### I.    Background.

On July 18, 2025, the Court docketed Plaintiff's complaint (Doc. 1), along with a motion for leave to proceed without prepayment of fees (*in forma pauperis* or IFP) (Doc. 2). On July 21, 2025, the Court docketed Plaintiff's amended complaint (Doc. 4), along with another IFP motion (Doc. 5). Upon review of Plaintiff's filings, the Court determined Plaintiff's attempts to proceed without prepayment of fees were "improper" and Plaintiff's prior IFP motions were stricken.[1] (Doc. 6). In striking Plaintiff's IFP motions, the Court instructed Plaintiff in how to properly file

---

[1] Plaintiff's filed IFP motions failed to include a financial statement reflecting all transactions in Plaintiff's inmate account for the six months immediately preceding the filing of this action as required by 28 U.S.C. § 1915. Additionally, the IFP motion failed to include a "certificate" signed by an appropriate jail official. (*See* Docs. 2, 4).

an IFP motion. (*See Id*.). Plaintiff was ordered to file a conforming IFP motion or pay the required $405 filing fee by August 22, 2025. (*Id*.). Plaintiff was also ordered to amend his complaint to comply with Rules 18 and 20 of the Federal Rules of Civil Procedure (*id*. at 3), and Plaintiff was further instructed on the elements necessary to state a claim regarding conditions of confinement, failure to protect, as well as how to state a claim against a supervisory official after review of the complaint revealed he failed to set out supporting facts necessary for each claim. (*See Id*. at 3-5). Plaintiff was also cautioned in the Court's order that failure to comply with the order within the prescribed deadline of August 22, 2025 or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 6). The order was mailed to Plaintiff and has not been returned as undeliverable.

To date, Plaintiff has not complied with the undersigned's order, nor has he filed anything further with the Court or communicated with the Court in any manner. Based on an independent internet search, it appears that Plaintiff is no longer detained at the Mobile County Metro Jail; he is not within the custody of the Alabama Department of Corrections; nor has Plaintiff provided the Court with a change of address. Consequently, the Court is unable to communicate with Plaintiff in any way.

## II.    Dismissal.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable

law."). In the present action, as previously discussed, Plaintiff's complaint was an improper pleading which violated the Federal Rules of Civil Procedure and provided insufficient facts to state a claim upon which relief could be granted. He was ordered to pay the appropriate filing fee for a section 1983 action or file a proper IFP motion, and cure the noted complaint deficiencies, but he did not. To date, the Court has not received any filing or correspondence from him. Plaintiff's deadline for compliance has now passed.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III.    Conclusion.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Plaintiff's complaint (Docs. 1, 4) be **DISMISSED without prejudice**; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. Plaintiff is reminded that in any subsequent cases filed in this Court, Plaintiff must comply with all Court orders, including following set deadlines and updating the Court as to his location.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the

date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **7th** day of **November, 2025**.

                                            */s/ Katherine P. Nelson*
                                            **KATHERINE P. NELSON**
                                            **UNITED STATES MAGISTRATE JUDGE**